## SIMS v. PETALUMA GASLIGHT COMPANY.*

### S. F. No. 2215; September 18, 1900.

#### 62 Pac. 300.

**Gas Plant.**—Where the Contract Set Out in the Complaint, in an action for placing apparatus for the manufacture of gas in a gasworks, did not show a stipulation that the cost of materials for the manufacture of gas should not exceed a certain sum, and the answer did not deny that the contract was as alleged, a finding that the plant was completed according to the contract would not be reversed on appeal, on the ground that the evidence failed to show that the plant would produce gas at the agreed cost.

**Gas Plant.**—Where, in an Action for Installing a Gas Plant, the contract having required the apparatus to produce three thousand feet of gas per hour of a certain candle-power, the evidence was conflicting, a finding for plaintiff would not be reversed on appeal.

**Gas Plant.**—In an Action to Recover for Installing apparatus for the manufacture of gas in a gasworks, evidence as to whether the

---

*For subsequent opinion in bank, see 131 Cal. 656, 63 Pac. 1011.

plant added anything to the value of the original plant was immaterial.

**Corporation.**—Where the President of a Corporation, Owning a Controlling interest in the stock, executed for the corporation a contract between the corporation, himself and another, the contract was not invalid, as in violation of a trust relation.

**Gas Plant.**—In an Action to Recover the Contract Price for installing apparatus in gasworks, it was not necessary to prove any demand, since the bringing of the action was a sufficient demand.

APPEAL from Superior Court, Sonoma County; A. G. Burnett, Judge.

Action by John F. Sims against Petaluma Gaslight Company. From a judgment in favor of plaintiff and an order denying a motion for a new trial defendant appeals. Affirmed.

Lippitt & Lippitt for appellant; Nowlin & Fassett and A. R. Cotton for respondent.

GRAY, C.—Defendant appeals from a judgment in plaintiff's favor and from an order denying its motion for a new trial. This action was brought to recover $4,000 alleged in the first count of the complaint to be due under a contract whereby the assignors of plaintiff, Lewelling and Van Syckel, agreed to and did build and erect certain water-gas apparatus at the gasworks of said defendant in Petaluma, for the purpose of manufacturing gas from crude oil or distillate by a process known as the "Van Syckel Water-Gas System." It is also alleged in said first count that the work in the construction of said gas plant was to be done in a workmanlike manner, and said plant was to have a capacity of three thousand cubic feet per hour of twenty-two to twenty-three candle-power gas, etc.; also that by the terms of said agreement defendant was to pay said Lewelling and Van Syckel therefor the sum of $4,000 in certain amounts and on certain dates therein alleged. The second count of the complaint is in the nature of a common count for the work and labor and materials furnished defendant by said assignors of plaintiff in the construction of said water-gas apparatus, which are alleged to be of the reasonable value of $4,000. The answer does not deny the making of the contract as alleged in the

complaint, but, in addition to some denials of mere conclusions of law, it denies that plaintiff's assignors "finished or completed the erection and construction of the said plant according to the terms of the agreement entered into and set out in said plaintiff's complaint; but defendant alleges that said gas plant constructed by plaintiff's assignors did not and does not make the quantity of gas stipulated for in said agreement, and does not and did not make a gas of twenty-two or twenty-three candle-power." In answer to the second count of the complaint, the defendant denies that the work, labor and materials furnished are of any value; also denies that $4,000 was agreed to be paid therefor; and alleges "that the said apparatus is of no value, and does not and will not make gas in quantity and quality according to the terms of said contract." There is no denial that the labor, service and material were performed and furnished as alleged in said second count. For a "separate answer," defendant alleges "that the said S. W. Van Syckel, on the thirty-first day of July, 1896, purchased of I. G. Wickersham, then the owner thereof, all the stock of the said Petaluma Gas Company, except five shares, for the sum of sixteen thousand five hundred dollars, paying thereon the sum of one thousand dollars, and giving his note for the balance, payable in two years, at six per cent interest; that to secure the payment of the said note S. W. Van Syckel transferred the stock to the said I. G. Wickersham, and agreed, as a further security for the payment thereof, to erect and attach to the said plant of the said Petaluma Gas Company his water-gas system; that, while so the owner of the whole stock of the said gas company as aforesaid, he entered into the agreement set out in the plaintiff's complaint with himself and the said Lewelling to construct the said water-gas system; that no demand has ever been made for the payment of the said sum of four thousand dollars, or any other sum; that the said S. W. Van Syckel neglected to pay the said indebtedness to the said I. G. Wickersham, and the said property reverted to the said I. G. Wickersham, the said S. W. Van Syckel having the use and occupancy of the said property during all the time since the said contract without other consideration." The pleadings were verified. The case was tried before the court without a jury, and the findings affirm the truth of the allegations of the complaint, and negative the affirmative allegations of the

answer, except those of what is denominated the "Separate Answer," which are all found to be true, except that the allegation that Van Syckel entered into an agreement with himself and Lewelling is found to be untrue.

If we understand appellant's argument, it is directed mainly to the findings, the contention being that they are not supported by the evidence. The first finding is to the effect that the gas plant was finished and completed according to the terms of the agreement mentioned in the first cause of action pleaded. In the contract as pleaded nothing is said as to the cost of the gas, and, there being no denial that the contract is as stated in the complaint, it was not necessary to prove or find the cost of making the gas. There is perhaps a variance between the contract as alleged and as proved at the trial, for the contract introduced in evidence at the trial contained a provision, in addition to those stated in the complaint, to the effect that "the cost of materials for such gas shall not exceed sixty-five cents per one thousand cubic feet, said materials to include all that used in heating generators and in making gas," etc.; but no objection was made to the contract when offered in evidence, and no attempt was made at the trial to take advantage of this variance in any way. The contract must be treated on this appeal to be, in substance and in form, as admitted in the answer, by failure to deny that it was as set out in the complaint. Therefore the objection that the evidence fails to show that the plant would not produce gas at a cost for materials of sixty-five cents per one thousand cubic feet cannot, on the pleadings as they stand, be held to be a ground of reversal.

As to appellant's objection that the evidence failed to show "that the plant would make three thousand feet per hour," Van Syckel testifies that "the capacity of the apparatus built there was three thousand feet and over per hour, of twenty-two to twenty-four candle-power." "I know its capacity, because I built it and because I operated it." William Mills, a witness for defendant, testified on this subject: "Ordinarily the machine would never make three thousand feet per hour. It would be done by an extra spray of oil, but never could make it on an average since I have seen it. I have worked the machine ever since it was put up, or soon after, and in all that time it ordinarily has not had the capacity to make three thousand feet per hour." "It has twice, to my knowl-

edge, made three thousand cubic feet per hour.'' In view of the foregoing evidence, notwithstanding some testimony contradictory thereof, we cannot say that the trial court was not warranted in the conclusion that the plant had ''a capacity of three thousand cubic feet per hour, of a twenty-two to twenty-three candle-power gas,'' and consequently that the contract had been in that respect complied with by plaintiff. Upon the same evidence the trial court could find that the allegations of the answer to the effect that the plant does not make the quantity of gas stipulated were untrue.

The second and third findings affirm the truth of the second count of the complaint, and it is not seriously contended that these findings do not find support in the evidence; but it is contended that the defendant was by the court denied the right to rebut the evidence of the plaintiff, upon which the third finding was based, as to the value of the plant constructed by plaintiff's assignors. This contention is based on the action of the court in sustaining an objection to the following question: ''Has this plant been any addition to the original plant for making gas, or adds anything to the value of that plant?'' The objection to the question was properly sustained. The value of the original plant, or whether it had been added to, was not a proper subject of inquiry in this case. An answer to the question would not tend to establish the value of the plant involved in this suit.

The matter contained in the separate answer constituted no defense to the action, and the finding of its truth, and the evidence offered to support it, were alike immaterial, and may for that reason be entirely disregarded on this appeal, as they should have been on the trial.

The appellant presents many authorities and some argument in support of the proposition which we quote from its brief, as follows: ''It is a well-established principle of law, coming down to us through the Roman, civil, and common law, that a trustee cannot enter into a contract with himself in the disposal or management of his beneficiaries' interest.'' It is not necessary to discuss the proposition thus laid down, for the reason that there is no pleading upon which to base such a discussion, and it is merely a moot question in the case. It is not alleged in the answer that either of the assignors of plaintiff was at any time a director of the defendant. Nor is there any allegation in the answer upon which

to base a showing that the contract relied on in the suit is either void or voidable by reason of having been made by a trustee for his own private benefit and in violation of his duty as trustee. Nor was any such showing made upon the trial. All that was shown in this direction is that S. W. Van Syckel, as president, signed the name of the corporation defendant to the contract. Certainly that fact, standing alone, could not show the contract invalid for violation of the trust relation. Nor would the added fact that such president owned a controlling interest in the stock of the corporation affect the contract. The bringing of the action was itself a demand for the $4,000 sued for, and it was not necessary to allege or prove any previous demand.

The admissions of the pleadings, together with the evidence, support the material findings, and these findings dispose of the case as presented by the pleadings, and in turn support the judgment rendered. The rulings of the court on objections to questions asked the witnesses were free from error. The judgment and order appealed from should therefore be affirmed.

We concur: Chipman, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.